**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-01264-RM-KMT

THE 198 TRUST AGREEMENT, DATED DECEMBER 15, 2010, AND ANY
AMENDMENTS THERETO,

      Plaintiff,

v.

CAAMS, LLC,

      Defendant.

---

## ORDER

---

    This matter concerns Plaintiff's, The 198 Trust Agreement, dated December 15, 2010,

and any amendments thereto ("The 198 Trust") Complaint (ECF No. 1) against Defendant,

CAAMS, LLC ("CAAMS") for conversion and civil theft.  (ECF No. 1 ¶¶ 29-42.)  At issue is a

DeHavilland DHC-6-200 aircraft with a United States Registration Number of N226CS (the

"Aircraft").

    On June 10, 2014, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

Defendant moved to dismiss the Complaint based upon its contention that Colorado's economic

loss rule bars both of Plaintiff's claims.  (ECF No. 10.)  That motion is fully briefed.  (ECF Nos.

10; 11[1]; 12; 30; 30-1; 30-2; 30-3.)

---

[1] In its response brief, Plaintiff requests leave to amend its Complaint.  (ECF No. 11 at 10-11.)  This request is not properly before the Court in such a procedural posture.  D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."); *see, e.g.,* *Hines v. Jones,* 373 F. App'x 890, 891-92 (10th Cir. Apr. 22, 2010) (unpublished); *see Calderon v. Kan. Dep't of Social & Rehab. Servs.,* 181 F.3d 1180, 1185-87 (10th Cir. 1999) (a response to a motion to dismiss is insufficient to be construed as a request to amend a complaint).

On February 6, 2015, the Court, *sua sponte*, ordered the parties to file cross briefs as to how, pursuant Rule 17 of the Federal Rules of Civil Procedure, Plaintiff is the real party in interest and has capacity to sue.  (ECF No. 24.)  The parties filed responsive briefs.  (ECF Nos. 28; 31.)

On March 6, 2015, Plaintiff filed a motion ("March 6 Motion") to "amend the case caption to reflect Plaintiff's name as 'The 198 Trust.'"  (ECF No. 36 at 1.)  Alternatively, Plaintiff moved the Court to "join as a plaintiff Plaintiff's trustee, 'The Bank of Utah, not in its individual capacity but solely as Owner Trustee of The 198 Trust Agreement dated December 15, 2010, and any amendments thereto'" (hereinafter "Owner Trustee") pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure.  (ECF No. 36 at 1.)  Defendant filed a brief in response to Plaintiff's March 6 Motion.  (ECF No. 38.)  Defendant does not object to Plaintiff's request to change Plaintiff's name in the caption.  (ECF No. 38 at 1.)  Defendant opposes Plaintiff's March 6 Motion to join Owner Trustee as a plaintiff.  (ECF No. 38 at 1-3.)  Plaintiff filed a reply brief in support of its March 6 Motion.  (ECF No. 44.)

For the following reasons, the Court (1) DISMISSES the Complaint (ECF No. 1); (2) DENIES Plaintiff's March 6 Motion (ECF No. 36); and (3) DENIES as MOOT Defendant's motion to dismiss (ECF No. 10).

## I.     BACKGROUND

The following facts are taken from Plaintiff's Complaint (ECF No. 1).  Plaintiff did not attach the trust agreement to the Complaint nor provide it to the Court.  (*See generally* Dkt.)

Plaintiff is a "trust organized under the laws of Utah 'for the sole and exclusive benefit of Owner Trustee, Trustor and the Bank' (collectively, the 'Beneficiaries')."  (ECF No. 1 ¶ 1.) Plaintiff was formed with the trustor's intent to "purchase and hold [the Aircraft], with title thereto to be held in name of the beneficiary, Owner Trustee, who is defined in The 198 Trust Agreement as the Bank of Utah. . . ."  (ECF No. 1 ¶ 1.)

Plaintiff alleges "Defendant has taken intentional tortious actions, in the form of conversion and civil theft of the Aircraft, against Plaintiff and its beneficiaries. . . ."  (ECF No. 1 ¶ 4.)  Plaintiff alleges, however, that "Owner Trustee has been the owner of record and registered owner of the Aircraft as shown in the Federal Aviation Administration's Aircraft Registry." (ECF No. 1 ¶ 8.)

On December 29, 2010, Plaintiff leased the Aircraft to Rampart Aviation, LLC ("Rampart") pursuant to a six-year aircraft lease agreement.  (ECF No. 1 ¶ 9.)  On September 29, 2012, Rampart entered into an aircraft sublease agreement (the "Sublease") for the Aircraft with Defendant for a term of three months.  (ECF No. 1 ¶ 10.)  On October 10, 2012, Defendant, Aero Ruta Maya, S.A. ("ARMSA"), Rampart, Owner Trustee, and Zions Credit Corporation, N.A. ("Bank") entered into a sub-sublessee consent agreement.  (ECF No. 1. ¶¶ 1, 14, 16.) Subsequently, Rampart and Defendant amended the Sublease to extend it.  (ECF No. 1 ¶¶ 17, 18.)

"Since the expiration of the Sublease . . . Defendant has failed or refused to return the Aircraft to Rampart."  (ECF No. 1 ¶ 21.)

## II.    LEGAL STANDARDS

### A.    Real Party in Interest

Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest."  "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit."  *Fed. Deposit Ins. Corp. v. Geldermann Inc.*, 975 F.2d 695, 698 (10th Cir. 1992) (citation omitted).  The Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  The Court's decision whether to join or substitute a party as a "real party in interest" under Rule 17(a) is reviewed for an abuse of discretion.  *Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (citations omitted).

### B.    Capacity to Sue

Federal Rule of Civil Procedure 17(b) provides that the

[c]apacity to sue or be sued is determined as follows:

(1)  for an individual who is not acting in a representative capacity, by the law of the individual's domicile;

(2)  for a corporation, by the law under which it was organized; and

(3)  for all other parties, by the law of the state where the court is located. . . .

Fed. R. Civ. P. 17(b).

### C.    Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . ." *Id*. at 555 (citations omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level." *Id*.  A "plaintiff must 'nudge []

[his] claims across the line from conceivable to plausible' in order to survive a motion to

dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of

facts in support of the pleaded claims is insufficient; the complaint must give the court reason to

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

(emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope

of the allegations in a complaint:  if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims

across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has

further noted "that the nature and specificity of the allegations required to state a plausible claim

will vary based on context." *Id*. (Internal quotation and citation omitted.)  Thus, the Tenth

Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact

pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme

C]ourt stated will not do.'" *Id*. (Citation omitted.)

      For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*,

154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226,

1231-32 (10th Cir. 1996) (citations omitted).  However, "when legal conclusions are involved in

the complaint 'the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*,

556 U.S. at 678).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will

disregard conclusory statements and look only to whether the remaining, factual allegations

plausibly suggest the defendant is liable." *Id*.

## III.    ANALYSIS

### A.    Whether Plaintiff Has the Capacity to Sue

      Under Rule 17(b), "capacity" refers to a "party's personal right to litigate in a federal

court." *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal quotation and

citation omitted).  Because this matter involves a suit brought by a trust (ECF No. 1 ¶ 1) in the

United States District Court for the District of Colorado, capacity to sue is determined by

Colorado substantive law. Fed. R. Civ. P. 17(b)(3).  In Colorado, "'[c]apacity' refers to a party's

personal right to come into court.  It deals with the personal qualifications of a party to litigate,

and it typically is determined without regard to the particular claim or defense being asserted."

*SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 566 (Colo. App. 2005) (citation omitted).

Plaintiff fails to identify any source of law providing it with the *capacity* to sue.  (*See*

*generally* ECF No. 28.)  Under Rule 17 of the Colorado Rules of Civil Procedure, a trust is not

listed as an entity with the capacity to sue.  *See generally* Colo. R. Civ. P. 17.  The Court is not

aware of any statutory or other source in Colorado which grants a trust the capacity to sue in its

name.

Regardless of the caption to the Complaint— whether it names Plaintiff as "The 198

Trust" or "The 198 Trust Agreement, dated December 15, 2010, and any amendments thereto"—

a trust does not have capacity to sue.  A "trust" is merely "a fiduciary relationship regarding

property and charging the person with title to the property with equitable duties to deal with it for

another's benefit; the confidence placed in a trustee, together with the trustee's obligations

toward the property and the beneficiary."  Black's Law Dictionary 1740 (10th ed. 2014).  A trust

is simply a type of an "agreement."  *Colo. Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252,

254 (D. Colo. 1984) (holding that "[a] trust is merely the description of a relationship between

the legal and equitable owners of property"); *see* Black's Law Dictionary at 81 (defining

"agreement" as "a mutual understanding between two or more persons about their relative rights

and duties regarding past or future performances; a manifestation of mutual assent by two or

more persons").  Therefore, Plaintiff's designation in the caption is irrelevant and for this reason,

the Court denies Plaintiff's motion to amend the Complaint's caption.

This District has previously found that a trust lacks the capacity to sue or be sued because

it is not a "person" or "other legal entity" *with such capacity.  Colo. Springs Cablevision*, 579 F.

Supp. at 254 (citing *Carpenters & Millwrights Health Benefit Trust Fund v. Domestic Insulation*

7

*Co.*, 387 F. Supp. 144, 147 (D. Colo. 1975)).  Since then, Colorado law has changed to provide

that a trust is a "person" under Colorado law, Colo. Rev. Stat. § 2-4-401(8) (2014).  The Court

accepts such definition, *see* Fed. R. Civ. P. 81(d) ("state law" includes state statutes and state

judicial decisions), but that statute does not provide a trust or any other person with the

"capacity" to sue.  *See* Colo. Rev. Stat. § 2-4-401(8).  That statute states that it applies to

Colorado statutes "unless the context otherwise requires."  Colo. Rev. Stat. § 2-4-401.  Thus, the

Court looks to whether *all* "persons" as defined by Colorado statute have capacity to sue under

Section 13-22-101 of the Colorado Revised Statutes.  Section 13-22-101(1)(c) states that "every

person, otherwise competent, shall be deemed to be of full age at the age of eighteen years or

older for the following specific purpose[]:  to sue and be sued in any action to the full extent as

any other adult person in any of the courts of this state, without the necessity for a guardian ad

litem or someone acting in his behalf."  Colo. Rev. Stat. § 13-22-101(1)(c).  Thus, not every

"person" has capacity to sue.  When the two statutes are read in conjunction, the statutes' *context*

*defines* "person" *with* capacity to sue as applicable only to natural persons.  Colo. Rev. Stat. § 2-

4-401(8); Colo. Rev. Stat. § 13-22-101(1)(c).  Such definition does not apply to a trust or any

other non-natural person despite the fact that it is a "person" or a legal entity.  Colo. Rev. Stat. §

2-4-401(8); Colo. Rev. Stat. § 13-22-101(1)(c).  For example, how would the Court determine

whether a "trust" is competent?  Further, are only those trusts that have existed for eighteen years

or more given the capacity to sue?

   The Court's holding makes sense in light of the fact that the legislature has explicitly

granted *certain* non-natural persons the "capacity to sue."  *See* Colo. R. Civ. P. 17(b) & 17(c);

Colo. Rev. Stat. § 7-103-102(1)(a) (explicitly granting a corporation, which similar to a "trust" is

also defined as a "person" under Section 2-4-401(8), "the power . . . [t]o sue and be sued,

complain, and defend in its entity name").  If the Court were to adopt Plaintiff's argument with respect to a trust's capacity to sue, such construction would render superfluous the Colorado legislature's explicit grant to

(1) a "person" who is competent and eighteen or older; and

(2) a corporation,

the capacity to sue when the legislature has not explicitly granted a trust the capacity to sue.  The Court should avoid such an absurd result.  *Planned Parenthood of Rocky Mountains Servs. Corp. v. Owens*, 107 F. Supp. 2d 1271, 1284 (D. Colo. 2000) (citing *People v. Terry*, 791 P.2d 374, 376 (Colo. 1990) (citation omitted)).

Plaintiff's reliance upon *Vinton v. Virzi* (*In re Interest of Vinton*), 269 P.3d 1242, 1247-48 (Colo. 2012) is misplaced.  In *Vinton*, the Colorado Supreme Court held that Colorado Revised Statute § 38-30-108.5(1) (2001) provides that a trust is a legal entity with the ability to "acquire, convey, encumber, lease, or otherwise deal with any interest in real or personal property in the name of the trust."  *See Vinton*, 269 P.3d at 1247.  Section 38-30-108.5(1) does not define "otherwise deal" as providing the trust with the "capacity" to sue.  Colo. Rev. Stat. § 38-30-108.5(1).  In short, in *Vinton*, the Colorado Supreme Court did not address whether a trust has "capacity" to sue.  *See generally* 269 P.3d at 1247.  Rather, in *Vinton*, the Colorado Supreme Court merely held that a trust, as a legal entity, may engage in any number of activities related to *ownership and transfer* of property held in the trust's name.  269 P.3d at 1247.

Plaintiff's recitation of cases in which a trust has been sued or has sued in its own name is not dispositive.  (*See* ECF No. 36 at 7 n.2 (citations omitted).)  The Court is not aware if the issue of a trust's capacity to sue or be sued was raised in those matters.  *See generally The Fowler Irrevocable Trust v. City of Boulder*, 17 P.3d 797 (Colo. 2011); *see also generally*

*Vickery v. Evelyn V. Trumble Living Trust*, 277 P.3d 864 (Colo. App. 2011); *see also generally*

*Casey v. Colo. Higher Educ. Ins. Benefits Alliance Trust*, 310 P.3d 196 (Colo. App. 2012).

"Capacity . . . is not only the power to bring an action, but is also the power to maintain

it." *Mather Const. Co. v. United States*, 475 F.2d 1152, 1155 (Ct. Cl. 1973). Because no

Colorado rule, statute, or judicial decision provides a "trust" with "capacity" to sue, the Court

dismisses this matter. The Court, as discussed below for other reasons, denies Plaintiff's motion

to join the Owner Trustee because Plaintiff lacks the capacity to make such a request. *See*

*Mather Const.*, 475 F.2d at 1155.

### B.  Whether Plaintiff is the Real Party in Interest

Under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in

interest." Fed. R. Civ. P. 17(a)(1). An action must be "brought in the name of the party who

possesses the substantive right being asserted under the applicable law." *Esposito*, 368 F.3d at

1273 (internal quotation and citation omitted). Similar to whether Plaintiff has capacity,

Colorado law is used to determine whether Plaintiff is the real party in interest. *See Esposito*,

368 F.3d at 1273.

Plaintiff alleges two claims against Defendant related to the Aircraft: conversion and

civil theft. (ECF No. 1 ¶¶ 29-42.) Both claims require Plaintiff to establish that it owns the at-

issue Aircraft. *See Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. App. 2009)

(holding that "[t]o succeed on his civil theft claim, plaintiff had to establish that (1) defendant

knowingly obtained control over *his property* without authorization and (2) defendant did so

with the specific intent to permanently deprive him of the benefit of the property") (emphasis

added and citation omitted); *see Stauffer v. Stegemann*, 165 P.3d 713, 717 (Colo. App. 2006)

(holding that "[c]onversion is defined as any distinct, unauthorized act of dominion or ownership

exercised by one person over personal *property belonging to another*") (emphasis added and citation omitted).  Because Plaintiff's claims relate to property, "one who holds the legal title" is the "real party in interest."  *See Elk-Rifle Water Co. v. Templeton*, 484 P.2d 1211, 1213 (Colo. 1971) (citation omitted), *abrogated on other grounds by City of Aspen v. Colo. River Water Conservation Dist.*, 696 P.2d 758, 764-65 (Colo. 1985).

Plaintiff's Complaint undermines its assertion that it is the real party in interest.  Plaintiff alleges that the Owner Trustee, *i.e.*, the Bank of Utah, holds title to the Aircraft.  (ECF No. 1 ¶ 1.)  Further, Plaintiff alleges that the "Owner Trustee has been the owner of record and registered owner of the Aircraft as shown in the Federal Aviation Administration's Aircraft Registry." (ECF No. 1 ¶ 8.)  Plaintiff does allege that it owns the Aircraft (ECF No. 1 ¶ 7) but these other previously identified allegations undermine such assertion and as such, subject its claims to dismissal.  *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *see also Blumhagen v. Sabes*, Case No. 94-8022, 78 F.3d 597 (10th Cir. Mar. 4, 1996) (unpublished).

Plaintiff's brief in response to the Court's order to address whether it is the real party in interest asserts that the "198 Trust Agreement provides that the 'Trust Estate' specifically includes 'all estate, right, title and interest of Owner Trustee in . . . the Aircraft (including the Engines, Propellers, Parts and Books and Records)." (ECF No. 28 at 2.)  Plaintiff, however, cannot amend its Complaint by adding factual allegations in a responsive brief.  *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a

motion to dismiss") (citations omitted); *Wilson v. Jenks*, Case No. 12-CV-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

Thus, Plaintiff is not the real party in interest.

Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until after an objection, a reasonable time has been allowed *for the real party in interest to ratify, join, or be substituted into the action*." Fed. R. Civ. P. 17(a)(3) (emphasis added). The Court recognizes that the Tenth Circuit has limited a rote application of Rule 17(a)(3). *Esposito*, 368 F.3d at 1275-76. The Advisory Committee Notes on the 1966 Amendments to Rule 17 of the Federal Rules of Civil Procedure state that the purpose of Rule 17(a)(3) is to "prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 (1966 Advisory Committee cmts.). The Court recognizes that application of Rule 17(a)(3) is to be liberal since the rule is designed to avoid forfeiture. *Esposito*, 368 F.3d at 1278. Here, however, there was no difficulty in determining the proper party to bring suit. According to Plaintiff's Complaint, the Owner Trustee is the owner of the Aircraft. (ECF No. 1 ¶¶ 1, 8.)

Because Defendant objects to Plaintiff's bringing this suit (ECF No. 31 at 7-9), Plaintiff has moved the Court to join as plaintiff Owner Trustee (ECF No. 36 at 6-9). Plaintiff's counsel does not purport to represent Owner Trustee's interest. (*See generally* Dkt.; *see generally* ECF No. 36.) At this matter's procedural posture, it would be inequitable for the Court to join a non-party to this matter as a plaintiff when the Court does not know if the Owner Trustee seeks to vindicate any alleged rights. Plaintiff's motion states that "The [Owner] Trustee willingly consents and agrees to be added to this dispute as Plaintiff if the Court rules that The 198 Trust is

not a real party in interest." (ECF No. 36 at 6 n.1.)[2]  Plaintiff has not attached a declaration or

affidavit from the Owner Trustee attesting to such an assertion.  (*See generally* Dkt.)  The Court

recognizes that Plaintiff's counsel, as an officer of the Court, has an obligation to represent such

a factual contention has evidentiary support.  *See* Fed. R. Civ. P. 11(b)(3).  But, to the Court's

knowledge, Plaintiff's counsel does not represent Owner Trustee in this or any matter; and

Owner Trustee is not presently before the Court, thus the Court is unable to verify the veracity of

this assertion.

Further, under Rule 20(a)(1) of the Federal Rules of Civil Procedure, Plaintiff's request

for joinder (ECF No. 36 at 5) is deficient.  Rule 20(a)(1) requires that the non-party, *i.e.*, Owner

Trustee, move for joinder in the action not the Plaintiff.  *See* Fed. R. Civ. P. 20(a)(1).  In this

matter, that has not occurred.  (*See generally* Dkt.)

For these reasons, dismissal of the matter is appropriate and the Court denies Plaintiff's

motion to join Owner Trustee as a plaintiff.

**C.  Whether Defendant's Motion to Dismiss is Moot**

Because the Court dismisses the Complaint on the basis that Plaintiff does not have

capacity to sue and that Plaintiff is not the real party in interest, the Court does not address the

merits of Defendant's motion to dismiss.  Therefore, the Court denies as moot Defendant's

motion to dismiss.

**IV.  CONCLUSION**

Based on the foregoing, the Court:

(1)     DISMISSES, without prejudice, the Complaint (ECF No. 1);

---

[2] It is unclear to the Court whether Owner Trustee is attempting to ratify this matter pursuant to Rule 17(a)(3).  If
Plaintiff is attempting to have Owner Trustee ratify the matter, such ratification is deficient because it requires that
the "ratifying party (1) authorize continuation of the action and (2) agree to be bound by its result."  *Fiechtner v.
Am. Family Mut. Ins. Co.*, Case No. 09-CV-02681-WJM-MEH, 2011 WL 4915485, at *2 (D. Colo. Oct. 17, 2011)
(citations omitted).

    (2)    DENIES, without prejudice, Plaintiff's March 6 Motion (ECF No. 36); to wit, the

Court:

        (i)    DENIES Plaintiff's motion to amend the case caption; and

        (ii)    DENIES Plaintiff's motion to join as plaintiff to this action "The Bank of

Utah, not in its individual capacity but solely as Owner Trustee of The 198 Trust Agreement

dated December 15, 2010, and any amendments thereto"; and

    (3)    DENIES as MOOT Defendant's motion to dismiss (ECF No. 10).

    DATED this 30th day of March, 2015.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge